UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HENRY SANDERS, III** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-8249** |
| **STATE FARM INSURANCE COMPANY, ET AL.** | * | **SECTION "L"(1)** |

### ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 9). For the following reasons, the Plaintiff's motion is now DENIED.

**I.    BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiff's home at 7720 Sandpiper Drive in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are State Farm Fire and Casualty Company ("State Farm"),[1] the Plaintiff's homeowner's and flood insurance carrier, and Rodney Cosse, an insurance agent.[2] The Plaintiff's flood insurance policy was issued pursuant to the National Flood Insurance Program.[3]

In August of 2006, the Plaintiff filed the present action in the Civil District Court for the

---

[1] The Defendant was improperly named as State Farm Insurance Company in the petition.

[2] The Plaintiff also named AAA Contractor Services ("AAA") as a "nominee" defendant. Given the Court's conclusion with respect to the joinder of Cosse, AAA's presence is immaterial.

[3] Congress created this Program with the passage of the National Flood Insurance Act of 1968, Pub. L. No. 90-448, §§ 1301-1377, 82 Stat. 476, 572-89 (codified at 42 U.S.C. §§ 4001-4129).

Parish of Orleans, State of Louisiana. The Plaintiff seeks a declaration that his insurance policy provides coverage for all damage resulting from a hurricane. Moreover, the Plaintiff alleges that he is entitled to payment from State Farm for damages and losses to the property, in addition to bad-faith penalties under Louisiana law. The Plaintiff also alleges that Cosse negligently failed to advise him of potential gaps in insurance coverage and failed to procure adequate insurance.

The Defendants removed this case to federal court on October 17, 2006, contending that this Court has jurisdiction under any of the following provisions: (1) federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 4072; (2) diversity jurisdiction under 28 U.S.C. § 1332, because Cosse is improperly joined and the amount in controversy exceeds $75,000; or (3) the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369. On November 15, 2006, the Plaintiff filed the instant motion to remand.

## II.   LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

The National Flood Insurance Act grants federal courts original exclusive jurisdiction over lawsuits against the Director of FEMA for denials of claims made by insured individuals

under their Standard Flood Insurance Policy ("SFIP").  *See* 42 U.S.C. § 4072.  Section 4072 has been held to also apply to suits against private insurers who issue SFIPs under the Write Your Own Program.  *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir. 2005); *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 532-36 (E.D. La. 2006).[4]

Courts in the Eastern District have consistently found that federal question jurisdiction exists when the plaintiff's claim relates to the handling of an SFIP.  *See, e.g., Newman v. Allstate Ins. Co.*, No. 06-3757, 2006 WL 2632116 (E.D. La. Sept. 12, 2006); *Breakthrough Realty Unlimited, LLC v. Minor*, No. 06-2420, 2006 WL 2224753 (E.D. La. Aug. 2, 2006).  But federal question jurisdiction does not exist when the plaintiff's claim relates only to the procurement of such a policy.  *See, e.g., Landry*, 428 F. Supp. 2d at 532-36; *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566, at *3-5 (E.D. La. Sept. 20, 2006).

In his motion to remand, the Plaintiff argues that he "never named his flood insurance carrier as a party defendant," and thus that federal jurisdiction does not exist in this case.  However, attached to its opposition, State Farm submits an uncontroverted affidavit from Kerry Babin, a State Farm claims manager, attesting that State Farm issued an SFIP to the Plaintiff in 2000 for the property in question.  The Plaintiff's petition speaks of only one policy, but does not identify the policy at issue.  Moreover, the Plaintiff's allegations against Cosse revolve around *flood* insurance.  While the Plaintiff alleges negligence in the procurement of insurance, he also alleges that State Farm has failed to properly adjust his claim.  Accordingly, given the Plaintiff's failure to differentiate between the two policies, the Court finds that, on its face, the Plaintiff's

---

[4] For a detailed discussion of the National Flood Insurance Act and SFIPs, see *Houck v. State Farm Fire & Casualty Co.*, 194 F. Supp. 2d 452, 454-55 (D.S.C. 2002).

petition asserts claims related to the handling of an SFIP, and thus that federal question jurisdiction exists in this case.[5]

### III.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand is DENIED.

New Orleans, Louisiana, this   21st   day of    February   , 2007.

*Eldon E. Fallon*

UNITED STATES DISTRICT JUDGE

---

[5] Accordingly, the Court need not address State Farm's alternative theories of federal jurisdiction.